UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>EXXON MOBIL CORPORATION, *et al.*,<br><br>              Defendants. | Civil Case No. 01-1357 (RCL/AK) |
| JOHN DOE VIII, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>EXXON MOBIL CORPORATION, *et al.*,<br><br>              Defendants. | Civil Case No. 07-1022 (RCL/AK) |

## PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SURREPLY, AND INCORPORATED SURREPLY, IN OPPOSITION TO EXXON'S MOTION TO DISMISS

Agnieszka M. Fryszman
DC Bar No. 459208
Thomas N. Saunders
Alysson Ford Ouoba
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
Suite 500, West Tower
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

Terrence P. Collingsworth
D.C. Bar No. 471830
Christian Levesque
D.C. Bar No. 501778
**Conrad & Scherer LLP**
1156 15th Street, N.W.
Suite 502
Washington, D.C. 20005
Tel: (202) 543-581
Fax: (866) 803-1125

Paul L. Hoffman
Catherine Sweetser
**Schonbrun, DeSimone, Seplow, Harris, Hoffman & Harrison LLP**
723 Ocean Front Walk
Venice, CA 90291
Tel: (310) 396-0731
Fax: (310) 399-7040

Courts routinely grant leave to file a surreply where, as here, a party makes new arguments or submits new declarations for the first time in a reply brief. *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003). This Court granted leave to file a surreply where, as here, the defendant submitted with its reply a supplemental declaration opining on foreign law. *Wultz v. Islamic Republic of Iran*, 2010 WL 4135913, at *2 (D.D.C. Oct. 20, 2010) (Lamberth, J.). In the instant case, Plaintiffs have identified multiple grounds warranting a surreply. Exxon filed a new supplemental declaration on foreign law; Exxon advanced a new argument regarding *Kiobel*'s extraterritoriality limitation, asserting inaccurately that Plaintiffs made relevant concessions; and Exxon made new misleading arguments on reply regarding Plaintiffs' ability to identify their attackers, among others. Plaintiffs should be permitted a fair opportunity to respond to these matters. Therefore, leave to file a surreply should be granted.

## ARGUMENT

I.  **Plaintiffs Surreply Should Be Permitted So That Plaintiffs Have a Fair Opportunity to Respond to Exxon's New Supplemental Expert Declaration, Submitted for the First Time on Reply.**

Plaintiffs' surreply should be permitted because Defendants submitted a new declaration with their reply. Surreplies are warranted to enable a party to respond to a new declaration that is submitted for the first time with a reply brief, regardless of whether the declaration is by a legal expert or a fact witness. *See Wultz*, 2010 WL 4135913, at *2 (allowing surreply where defendant's reply attached new declaration from a foreign law expert); *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010) (surreply allowed where reply brief was filed with new expert declaration), *aff'd*, 701 F.3d 718 (D.C. Cir. 2012); *see also Hoskins v. Napolitano*, 842 F. Supp. 2d 8, 12 n.1

(D.D.C. 2012) (surreply allowed where declaration was first submitted on reply); *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005) (Lamberth, J.) (same); *cf. U.S. ex rel. Purcell v. MWI Corp.*, 520 F. Supp. 2d 158, 167 (D.D.C. 2007) (surreply allowed where objection to affidavit was first raised in reply).

This Court granted leave to file a surreply in *Wultz v. Islamic Republic of Iran* to provide the plaintiff an opportunity to respond to a supplemental declaration on foreign law submitted for the first time with the defendant's reply brief.  2010 WL 4135913, at *2.  Although the foreign law issue had been addressed in an expert declaration submitted with the defendant's initial motion, the declaration submitted on reply expanded on that issue.  *Id.* (noting that the supplemental declaration "build[s] on the previously submitted declaration").  Because the plaintiff had had no opportunity to respond to this developed argument, this Court granted the plaintiff's motion to file a surreply.  *Id.*

Like the defendant in *Wultz*, Exxon filed a new declaration on foreign law with its reply.  Reply to Opp'n to Mot. to Dismiss, *Doe I v. Exxon Mobil Corp.*, No. 01-1357 ("*Doe I*") Dkt. 444 & *Doe VIII v. Exxon Mobil Corp.*, No. 07-1022 ("*Doe VIII*") Dkt. 74 (Jan. 17, 2014) ("Exxon Reply").  And as in *Wultz*, this new declaration, prepared by Exxon's purported expert Franz Hendra Winarta, cites new material for the first time on reply in order to build on an argument that had been inadequately developed in his earlier declaration.  Specifically, Mr. Winarta opines on new cases related to access to the courts.  This new material does not respond to Plaintiffs' expert declaration, which focused on the cognizability of Plaintiffs' claims under Indonesian law, not access to the courts.  Decl. of Gary F. Bell, *Doe I* Dkt. 434-1 & *Doe VIII* Dkt. 69-1 (Dec. 13, 2013) ("Bell Decl.").  Moreover, Exxon does not contest in its opposition brief that Mr.

2

Winarta's second supplemental declaration contained new material, and that the declaration submitted by Mr. Clarke with Plaintiffs' proposed surreply specifically addresses the new material and arguments on access to courts issue raised by Mr. Winarta on reply.  Defs.' Opp'n to Pls.' Mot. for Leave to File Surreply 4–5, *Doe I* Dkt. 450 & *Doe VIII* Dkt. 79 (Feb. 27, 2014) ("Exxon Opp'n to Surreply").  Therefore, as in *Wultz*, this Court should allow Plaintiffs to file a surreply to give Plaintiffs a fair opportunity to respond to this new material.  *See also Kifafi*, 736 F. Supp. 2d at 69; *Hoskins*, 842 F. Supp. 2d at 12 n.1; *Flanagan*, 231 F.R.D. at 101.

Rather than squarely address the fact that Mr. Winarta's supplemental declaration cites new material, Exxon uses its opposition brief to attempt to discredit the credentials of Plaintiffs' expert, Ross Clarke, who previously submitted an expert declaration in this case without objection from Exxon.  Decl. of Ross Clarke, *Doe VIII* Dkt. 25-5 (Nov. 2, 2007).  Exxon's attacks are legally misplaced.  Fed. R. Civ. P. 44.1 ("In determining foreign law, the court may consider any relevant material or source."); *Fahmy v. Jay-Z*, 788 F. Supp. 2d 1072, 1076 (C.D. Cal. 2011) (arguments challenging foreign law expert's qualifications "go to the weight, rather than admissibility of the testimony"); *Figueroa v. Williams*, 2010 WL 5387599, at *2 (S.D. Tex. Dec. 17, 2010) (objections to foreign law expert's affidavit "more appropriately apply to the weight of this evidence, and not its admissibility").  Moreover, Exxon's attacks are factually baseless.  Mr. Clarke's impressive credentials are listed in his *curriculum vitae*, included as an attachment to his declaration.  Mr. Clarke, fluent in spoken and written Indonesian and holding multiple advanced degrees in law, has worked for years on issues of the law and legal capacity in Aceh, Indonesia.  Supp. Decl. of Ross Clarke & CV, *Doe I* Dkt. 446-1,

Ex. 2 & *Doe VIII* Dkt. 76-1, Ex. 2 (Feb. 18, 2014) ("Clarke Supp. Decl.").  Working in

Aceh on behalf of the United Nations Development Project, Mr. Clarke designed and

implemented the monitoring and evaluation framework for the Aceh Justice Project, a

governance project funded by the European Union.  *Id.*  Also while in Aceh, Mr. Clarke

worked with the International Center for Transitional Justice, co-authoring a report on

transitional justice initiatives in the region.  *Id.*  Before that, he worked in Aceh with the

International Development Law Organization, supporting various legal projects and

monitoring efforts.  *Id.*  Based on these and many other relevant credentials, Mr. Clarke is

fully qualified to present his opinion that "no mechanism or process has been established

that fully accounts for and provides justice for the human rights violations of the nature

alleged by the Plaintiffs," and that "[t]here can be little confidence that the Plaintiffs in

this case would, as a practical matter, be able to seek effective redress through the

Indonesian legal system."  Clarke Supp. Decl. ¶¶ 4, 8.  This opinion, which directly

contradicts the Winarta declaration submitted on reply, is buttressed by citations to

numerous reports by the State Department, United Nations, and respected human rights

organizations all reaching the same conclusion:  Indonesian courts are not open to claims

of the type and scope alleged by Plaintiffs.  *Id.* at ¶¶ 5–7.[1]

     Because Exxon submitted a new declaration on reply proffering new material

from Indonesia, a surreply should be permitted to give Plaintiffs a fair opportunity to

respond.

---

[1] Exxon has also asserted in its opposition to the surreply that Plaintiffs' other expert, Gary Bell, conceded that Plaintiffs' non-ATS claims can be heard in Indonesian civil courts.  Exxon Opp'n to Surreply 4–5. Exxon mischaracterizes Mr. Bell's declaration.  Mr. Bell was clearly opining on the cognizability of Plaintiffs' claims under Indonesian law, not on the Plaintiffs' ability to access the courts in Indonesia, have their claims heard, and obtain a remedy.  Bell Decl. ¶¶ 9–20.  Moreover, Mr. Bell's declaration was submitted with Plaintiffs' opposition brief and is not addressed in the proposed surreply.

**II.    Plaintiffs' Surreply Should Be Permitted So Plaintiffs Have a Fair Opportunity to Respond to Exxon's Reframing of an Argument From Aiding and Abetting Liability (in the Opening Brief) to *Kiobel*-Based Barriers to ATS Claims (in the Reply).**

Plaintiffs' surreply should be permitted so Plaintiffs can respond to Exxon's misuse of a truncated and out of context statement to assert that Plaintiffs' counsel conceded that Exxon had "nothing to do" with the harm suffered by Plaintiffs.  Plaintiffs deserve a fair opportunity to respond to this argument, which was made for the first time on reply.  *Ben-Kotel*, 319 F.3d at 536 (district courts routinely grant motions for leave to file a surreply when a party is "unable to contest matters presented to the court for the first time" in a reply brief); *Wultz*, 2010 WL 4135913, at *1 (granting plaintiff surreply to respond to argument about venue raised for first time on reply); *see also Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 130 (D.D.C. 2012) (Lamberth, J.); *Hoskins*, 842 F. Supp. 2d at 12 n.1; *Fischer v. F.B.I.*, 2008 WL 2248711, at *1 n.2 (D.D.C. May 29, 2008); *Brown v. Samper*, 247 F.R.D. 188, 191 n.2 (D.D.C. 2008); *U.S. ex rel. Purcell*, 520 F. Supp. 2d at 166–67; *Flanagan*, 231 F.R.D. at 101; *Flynn v. Veazey Constr. Corp.*, 310 F. Supp. 2d 186, 190 (D.D.C. 2004); *Wyo. Outdoor Council v. Bosworth*, 284 F. Supp. 2d 81, 87 n.7 (D.D.C. 2003) (allowing surreply where it was "debatable whether the defendants raised new issues in their reply"), *case dismissed on stipulation*, 2004 WL 1345107, at *1 (D.C. Cir. June 15, 2004).

Exxon contends that it raised this same argument in its opening brief, Exxon Opp'n to Surreply 5, but it did not.  Exxon's newly raised argument is based on a statement made by Plaintiffs' counsel in an earlier hearing.  Although Exxon cited to the same statement in its opening brief, the reply brief marshalled the statement to support a completely different argument.  Initially, the quote was cited to argue lack of "specific[ ]

5

direct[ion]," which Exxon asserted was an essential element for aiding and abetting

liability.  Exxon's Mot. to Dismiss 7–8, *Doe I* Dkt. 426 & *Doe VIII* Dkt. 61 (Oct. 30,

2013) ("Exxon MTD") (using quote to support argument that "Plaintiffs do *not* allege

that any Defendant specifically directed or [directly] caused their injuries") (emphasis in

original); *id.* at 23–27 (arguing that Plaintiffs cannot establish aiding and abetting liability

because they have not alleged "specific direction" and quoting the purported

"concession").  Plaintiffs responded to that argument in their opposition.  Pls.' Resp. in

Opp'n to Exxon's Mot. to Dismiss 50–54, *Doe I* Dkt. 434 & *Doe VIII* Dkt. 69 (Dec. 13,

2013) ("Pls.' Resp.") (explaining, *inter alia*, that "specific direction" is not required to

prove aiding and abetting liability, as confirmed by the recent ICTY decision in

*Prosecutor v. Šainović*, *see* Notice of Supp. Authority, *Doe I* Dkt. 448 (Feb. 19, 2014)).

But on reply, the quote from Plaintiffs' counsel was marshalled to support a different

argument, one based on *Kiobel*'s extraterritoriality holding.  Exxon Reply at 1–2 (arguing

that "what matters under *Kiobel* is where the alleged law of nations violations occurred"

and citing quote to support argument that "Plaintiffs cannot allege or cite any U.S.

conduct"); *id.* at 7–8 (using same quote to argue that Plaintiffs' claims "do not 'touch and

concern' U.S. territory" sufficient to state an ATS claim).  Although Exxon did make

*Kiobel*-based arguments in its opening brief, Exxon MTD at 16–22 ("what matters under

*Kiobel* is . . . where the relevant conduct occurred"), nowhere in that section did Exxon

argue that Plaintiffs' counsel's earlier statement was a concession relevant to that issue.

As demonstrated in Plaintiffs' surreply, Plaintiffs' counsel was explaining that specific

individuals at Exxon identified as having personal knowledge about jurisdictional issues

should not be permitted to obtain the names of the victims, as those individuals – not the

Defendants generally, as Exxon inaccurately represents – had "nothing to do" with the

merits questions then before the Court, and he later described one theory of liability.

Mot. for Leave to File Surreply 4, *Doe I* Dkt. 446 & *Doe VIII* Dkt. 76 (Feb. 18, 2014)

("Pls.' Surreply Mot.").  Plaintiffs' surreply is necessary to explain why counsel's

quote—taken out of context and truncated—does not support Exxon's new *Kiobel*

argument.  *See Natural Res. Def. Council, Inc. v. U.S. E.P.A.*, 25 F.3d 1063, 1071 n.4

(D.C. Cir. 1994) (statements by party in initial motion regarding substantial evidence

were added "only as explanatory support for petitioner's true legal argument" regarding

inconsistent interpretations of agency regulations, and thus argument on reply regarding

substantial evidence was improperly raised for the first time); *Pa. Elec. Co. v. F.E.R.C.*,

11 F.3d 207, 209 (D.C. Cir. 1993) (party improperly raised argument on reply where it

cited information in initial motion but did not link that information to a specific legal

argument until its reply brief).  For these reasons, the surreply should be permitted.

**III.    Plaintiffs Should Have a Fair Opportunity to Respond to Exxon's Newly
Raised Argument that Plaintiffs Cannot "Identify" Their Attackers and that,
Therefore, Their Indonesian Law Claims Must Fail.**

Exxon raised a new argument on reply when it incorrectly asserted that Plaintiffs

cannot "identify" their attackers.  Exxon Reply at 16, 25.  Plaintiffs should be granted an

opportunity to respond in a surreply.  *See, e.g.*, *Wultz*, 2010 WL 4135913, at *1; *Stevens*,

846 F. Supp. 2d at 130; *Fischer*, 2008 WL 2248711, at *1 n.2.

Exxon asserts that it raised this argument in its opening brief, Exxon Opp'n to

Surreply at 2 (citing Exxon MTD at 5, 7–8, 42–43), but a review of the Opening Brief

belies Exxon's claim.  In its Opening Brief, Exxon observed that the security personnel

who attacked Plaintiffs are not named as defendants in the complaints, but this is

7

obviously not that same as arguing Plaintiffs cannot "identify" their attackers.  *See, e.g.*, Exxon MTD at 5 ("The Complaint alleges that each of Plaintiff's injuries were caused by unnamed 'soldiers who were assigned to Exxon Mobil's TNI Unit 113.'"); *id.* at 7 ("As in the *Doe I* Amended Complaint, all of the injuries in *Doe VIII* are alleged to have been perpetrated by unnamed Indonesian soldiers who are 'Exxon Mobil's security personnel.'"); *see also id.* at 42–43 ("neither of the Doe I or Doe VIII complaints names any specific Indonesian soldiers as defendants").  Merely because an attacker *is not named* in the complaint does not mean the attacker *cannot be sufficiently identified* as an ExxonMobil security personnel.  Indeed, Plaintiffs have identified multiple attackers by name in their discovery responses already.  See Pls.' Surreply Mot. at 1–2.  Other attackers can be identified by eyewitnesses.  *Id.* at 1.  Moreover, even attackers who cannot be identified by name can be identified by other means, thereby tying them to Exxon sufficient to establish Exxon's liability.  *Id.*  Plaintiffs would be prejudiced if the Court is left with the factually inaccurate impression that the Plaintiffs and witnesses cannot identify the attackers as ExxonMobil security personnel.

Only once, in the Background section of its Opening Brief, did Exxon observe that Plaintiffs cannot "name or identify" their attackers.  Exxon MTD at 8.  This lone statement in the opening brief is insufficient to foreclose a surreply.  *See, e.g.*, *Wultz*, 2010 WL 4135913, at *2 (simple statement, made without elaboration in prior submission, did not foreclose plaintiff from filing a surreply to respond to a later submission that greatly expanded upon the earlier statement).  Exxon never expanded on this statement in connection with any legal argument; rather, its legal arguments rested on the claim that Plaintiffs did not, in their complaints, name "as defendants" the individual

8

attackers. Exxon MTD at 42–43. This is obviously not the same as arguing Plaintiffs' claims must fail because they cannot identify their attackers. *Compare* Exxon MTD at 42–43 ("[N]either of the *Doe I* nor *Doe VIII* complaints names any specific Indonesian soldiers as defendants . . . [and therefore] the Indonesian law claims should be dismissed"), *with* Exxon Reply at 16 ("Plaintiffs have conceded that they cannot identify their alleged attackers. . . . Plaintiffs' concession is fatal to their Indonesian law claims."). Exxon's attempt to raise that argument for the first time on reply warrants a response.[2]

Because Exxon's legal argument about identifying attackers was raised for the first time on reply, a surreply should be permitted. Correction of Defendants' factually inaccurate assertion that the Plaintiffs and witnesses cannot identify the attackers as ExxonMobil security personnel is necessary to a proper resolution of the issues and to avoid prejudice to Plaintiffs.[3] *See Wultz*, 2010 WL 4135913, *2 (permitting surreply that, *inter alia*, would "assist the Court in adjudicating" the case); *Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 657 F. Supp. 2d 104, 108 (D.D.C. 2009) (allowing surreply because it was "helpful to the adjudication" of the merits and not "unduly prejudicial to the defendants"), *aff'd*, 383 F. App'x 1 (D.C. Cir. 2010); *Am. Forest & Paper Ass'n v. U.S. E.P.A.*, 1996 WL 509601, at *3 (D.D.C. Sept. 4, 1996) (same), *dismissed sub nom. Am. Forest Paper Ass'n v. E.P.A.*, 1997 WL 255099, at *1 (D.C. Cir. Apr. 22, 1997).

---

[2] Defendants did, in passing, claim that Plaintiffs could not "plausibly establish any connection between the attackers and Defendants," *e.g.*, Exxon MTD at 43, an argument that does not rest on whether Plaintiffs can "identify" their attackers. Plaintiffs rebutted that argument in their response. *E.g.*, Pls.' Resp. at 4 (observing that "this Court previously found[] 'there is evidence that these security forces committed the alleged atrocities'" and citing evidence linking the attackers to Defendants); *id.* at 14 ("[T]his Court found that Plaintiffs had presented sufficient evidence to permit them to proceed to a jury trial on the question of *respondeat superior* liability.").

[3] Plaintiffs' surreply should also be permitted so Plaintiffs can fairly respond to Exxon's inaccurate characterizations of the state of discovery and location of witnesses and evidence.

**IV.    Exxon Has Not Alleged That It Would Be Prejudiced By Allowing Plaintiffs' Surreply**

In deciding whether to permit a surreply, courts consider whether the opposing party would be prejudiced.  *Lopez*, 657 F. Supp. 2d at 108; *Am. Forest & Paper Ass'n, Inc.*, 1996 WL 509601 at *3.  Exxon has not asserted anywhere in its opposition to the instant motion that it would be prejudiced by allowing the proposed surreply.  Exxon never even uses the word prejudice in its opposition to the surreply motion.  It is Plaintiffs, rather, who may be prejudiced if they are not permitted a fair opportunity to respond to the new matters raised for the first time on reply.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a surreply should be granted.

March 6, 2014                          Respectfully submitted,

/s/Agnieszka M. Fryszman
Agnieszka M. Fryszman
DC Bar No. 459208
Thomas N. Saunders
Alysson Ford Ouoba
**Cohen Milstein Sellers & Toll PLLC**
1100 New York Ave., N.W.
Suite 500, West Tower
Washington, DC  20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

Terrence P. Collingsworth
D.C. Bar No. 471830
Christian Levesque
D.C. Bar No. 501778
**Conrad & Scherer LLP**
1156 15th Street, N.W.
Suite 502
Washington, D.C.  20005
Tel:  (202) 543-5811

10

Fax:  (866) 803-1125


Paul L. Hoffman
Catherine Sweetser
**Schonbrun, DeSimone, Seplow,**
**Harris,**
 **Hoffman & Harrison LLP**
723 Ocean Front Walk
Venice, CA  90291
Tel: (310) 396-0731
Fax: (310) 399-7040

Attorneys for Plaintiffs