UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE I, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION, *et al.*, <br><br> Defendants. | Case No. 01-cv-01357-RCL <br> UNDER SEAL |
| JOHN DOE VIII, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EXXON MOBIL CORPORATION, *et al.*, <br><br> Defendants. | Case No. 07-cv-01022-RCL <br> UNDER SEAL |

## MEMORANDUM OPINION

Now before the Court is defendants' motion to modify the protective order in *John Doe I v. Exxon Mobil Corp.*, (*Doe I*), No. 01-cv-01357 (D.D.C. filed June 19, 2001), which was entered by Magistrate Judge Alan Kay on April 25, 2007, and vacate the *ex parte* pseudonym orders in *Doe I* and *John Doe VIII v. Exxon Mobil Corp.*, (*Doe VIII*), No. 07-cv-01022 (D.D.C. filed June 6, 2007). Protective order, *Doe I*, ECF No. 217; Pseudonym Order, *Doe I*, ECF No. 2; and Pseudonym Order, *Doe VIII*, ECF No. 2.[1] Mot. Modify Protective Order, ECF No. 534-2.[2] Also

---

[1] Where identical documents or exhibits are filed in both cases, the Court will note the Electronic Court Filing (ECF) number for *Doe VIII* in footnotes.
[2] *Doe VIII*, ECF No. 100-2.

before the Court is plaintiffs' memorandum in opposition and cross-motion to modify the protective order in *Doe I*. Pls.' Opp'n. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders Cross-Mot. Modify Protective Order, ECF No. 539-2.[3] Also, before the Court, is defendants' reply in further support of the motion to modify the protective order and to vacate the *ex parte* pseudonym orders and in opposition to plaintiffs' cross-motion to modify the protective order. Reply Mot. Modify Protective Order Vacate Pseudonym Orders Cross-Mot. Modify Protective Order, ECF No. 542-2.[4] Finally, before the Court is plaintiffs' reply in support of their cross-motion to modify the protective order. Pls.' Reply Support Cross-Mot. Modify Protective Order, ECF No. 544-2.[5]

For the reasons stated below and by separate order issued this date, defendants' motion will be DENIED and plaintiffs' cross-motion will be GRANTED.

I. BACKGROUND

The factual background for both cases has been set forth at length in previous opinions of this Court and the United States Court of Appeals for the District of Columbia Circuit. *See John Doe I v. Exxon Mobil. Corp. (Doe I)*, 393 F. Supp. 2d 20 (D.D.C. 2005) *appeal dismissed*, 473 F.3d 345 (D.C. Cir. 2007), *cert denied*, 553 U.S. 909 (2008); *John Doe VIII v. Exxon Mobil Corp. (Doe VIII)*, 69 F. Supp. 3d 75 (D.D.C. 2014). In summary, plaintiffs in both matters advance various claims against defendants including negligence, negligent hiring, and negligent supervision allegedly resulting in death or injury. Second Am. Compl., ECF No. 465.[6] The claims

---

[3] *Doe VIII*, ECF No. 105-2.
[4] *Doe VIII*, ECF No. 108-2.
[5] *Doe VIII*, ECF No. 110-2.
[6] Although not identical to the complaint in *Doe I*, the complaint in *Doe VIII* is ECF No. 4.

surround actions that plaintiffs attribute to military and contracted security personnel allegedly at the direction of defendants in Indonesia.

## II. ANALYSIS

### a. Standard of Review

The protective order in effect in this case was issued in April 2007. Protective Order, ECF No. 217. Protective orders are not, however, permanent. The D.C. Circuit confirmed as much in *E.E.O.C. v. National Children's Ctr., Inc.*, when it quoted the Second Circuit explaining, "[i]t is undisputed that a district court retains the power to modify or lift protective orders it has entered." 146 F.3d 1042, 1046 (D.C. Cir. 1998) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2nd Cir. 1987)).

#### i. Modification of Protective Order

Pursuant to Federal Rule of Civil Procedure 26 and paragraphs 51 and 52 of the protective order in *Doe I*, this Court has jurisdiction to review the protective order and, for good cause, modify it. Protective Order, ECF No. 217. In an unreported decision, this Court has previously held that "[m]odification of a protective order requires a showing of good cause." *U.S. v. Diabetes Treatment Ctrs. of Am.*, No. Civ. 99-3298, 01-MS-50, 2004 WL 2009414 at 3 (D.D.C. May 17, 2004) (citing *Alexander v. FBI*, 186 F.R.D. 99, 100 (D.D.C. 1998) (citations omitted)). This Court again applies this standard.

#### ii. Pseudonym Orders

This Court previously applied precedent from the D.C. Circuit as well as the Fourth and Fifth Circuits for the proposition that the trial court has discretion to allow a party to proceed anonymously. Mem. Order Den. Defs.' Mot. Strike Mot. Recon., ECF No. 220 at 4, (citing *James*

*v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981), *Washington Post v. Robinson*, 935 F.2d 282, 287 (D.C. Cir. 1991), and *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005)).

### b. Changes to Political Situation in Aceh

Defendants urge this Court to modify the protective order and vacate the pseudonym orders because "[d]ramatic changes have taken place in Aceh that no longer justify the restrictions imposed by the Court in 2007." Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF no. 534-2[7] at 7. Defendants allege that the end of the Indonesian civil war in 2005 has led to a decade of "peace and stability" transforming Aceh, to include "former rebels have been elected governor consistently since 2006." Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF no. 534-2[8] at 2. To further support this position, defendants cite an "historic peace accord" between the Indonesian government and the Free Aceh Movement in August 2005. *Id.* Conversely, plaintiffs note that "[a]t least some of this violence is still political; relations between Aceh and the national government in Jakarta remain strained . . . ." Pls.' Opp'n. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 539-2[9] at 23. At best, this reveals disparity in the perception, both local and international, of the political stability in the region.

### c. Changes to Security Situation in Aceh

Given the described changes to the political situation, it follows that the security situation has also changed. However, in regard to this change, the parties appear to disagree on its extent. For example, defendants allege that the Indonesian military withdrew from Aceh "almost a decade

---

[7] *Doe VIII*, ECF No. 100-2.
[8] *Doe VIII*, ECF No. 100-2.
[9] *Doe VIII*, ECF No. 105-2.

ago," whereas plaintiffs allege that a 2014 State Department report indicates, "the Indonesian military is complicit in murders of individuals who were attempting to prevent human rights violations by private companies, beat and tortured human rights activists, and illegally detained and tortured individuals." Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[10] at 7; Pls.' Opp'n. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 539-2[11] at 9. Both parties cite myriad sources to support their positions. At the very least, the Court can conclude that there is also disparity over what is believed to be the truth of the security situation in Aceh. There may be less disparity over whether the threat of human rights violations remains.

Defendants seem to concede that there may be such threats in Aceh from the Free Aceh Movement or the enforcement of Sharia law, now taking place in Aceh. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[12] at 10. Even if not expressly conceded, the Court finds that the evidence supports plaintiffs' contention of ongoing fear of harm. This is a significant concession because as plaintiffs note, in opinions that this Court finds persuasive, the Fifth and Sixth Circuits have held that the harm feared need not necessarily be from defendants. Pls.' Opp'n. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 539-2[13] at 10, (citing *Doe v. INS*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) and *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

---

[10] *Doe VIII*, ECF No. 100-2.
[11] *Doe VIII*, ECF No. 105-2.
[12] *Doe VIII*, ECF No. 100-2.
[13] *Doe VIII*, ECF No. 105-2.

### d. Indicia of Plaintiffs' Apprehension

Defendants lament the previous lack of "first-hand information" provided by plaintiffs[14] to support their apprehension of harm. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[15] at 10 (noting that until plaintiffs' recent substitution motion, plaintiffs had not previously submitted such first-hand declarations). Defendants more specifically question the connection between plaintiffs' present fear of harm and "why they would fear disclosure of their identities in a lawsuit against a third-party entity for injuries inflicted fifteen years ago in the midst of a civil war that concluded a decade ago." Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[16] at 10. Plaintiffs have, as described below, articulated their fear of harm to the Court's satisfaction. Therefore, defendants have not met their burden for modification of the protective order.

### e. Protective Order in *Doe I*

Judge Kay determined that "[g]ood cause exists for the issuance of this protective order, in order to prevent public disclosure of information that might result in harm to the Parties." Protective Order, ECF No. 217 at 4. Defendants assert that the underlying conditions supporting good cause have changed sufficiently to warrant revisiting this determination. Plaintiffs argue, conversely, that although details may have changed, the end result is that the conditions still support the protective order.

This Court has discretion in determining whether to modify the protective order. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate

---

[14] Which, as plaintiffs indicate, is now moot with the submission of declarations attached to plaintiffs' motion. Pls.' Opp'n. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 539-2 at 11 n.3.
[15] *Doe VIII*, ECF No. 100-2.
[16] *Doe VIII*, ECF No. 100-2.

and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (examining Washington State rule 26(c), which is modeled after Fed. R. Civ. P. 26(c)). Additionally, the protective order itself makes clear that the Court may "make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown." Protective Order, ECF No. 217 at 19. Defendants cite four reasons why the protective order should be modified, each of which the Court shall examine.

### i. Whether Circumstances in Aceh Have Changed Substantially Since the Protective Order Was Put in Place

As discussed above, defendants assert that the security situation in Aceh has improved dramatically. Unfortunately, given the vast disparity in accounts related to security and safety in Aceh, the Court is unable to find that circumstances have so improved as to present good cause for modification of the protective order. Despite defendants' argument, Judge Kay properly found, even in 2007, that there was good cause to justify the protective order. Also despite defendants' argument of "dramatically changed circumstances in Aceh," plaintiff has shown, to the Court's satisfaction, that security is qualitatively no better than it was at the time the protective order was originally issued. Reply Mot. Modify Protective Order Vacate Pseudonym Orders Cross-Mot. Modify Protective Order, ECF No. 542-2 at 3. Defendants further offer plaintiffs' conduct as supporting this increased security citing plaintiffs' alleged participation in media coverage of the underlying facts surrounding this case, as well as giving "their real names to the governments of Indonesia and the United States" in applying for passports and visas to enter the United States for depositions. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[17] at

---

[17] *Doe VIII*, ECF No. 100-2.

13. However, plaintiffs note that the fear of reprisal, retaliation, and physical violence remain very real in Aceh. *See generally* Pls.' Opp'n. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 539-2[18] at 10-26. Plaintiffs further note that although several individual plaintiffs appeared in a new media account, the journalists involved took "great lengths to ensure that the three Plaintiffs could not be identified…" Pls.' Opp'n. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 539-2[19] at 15-16. Lastly, plaintiffs note that applications for a passport and visa in no way identify plaintiffs as victims of alleged human rights abuses. Pls.' Opp'n. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 539-2[20] at 17.

### ii. Whether Plaintiffs Have Failed to Show Good Cause for Maintaining These Heightened Restrictions

To support the proposition that plaintiffs have failed to show good cause, defendants call upon various cases that are, while legally relevant, drastically different than the present case. In the present case, the potential harm cited by plaintiffs is serious bodily injury or death. Such harm merits more weight than the harm anticipated in several cases cited by defendants. *See Avirgan v. Hull*, 118 F.R.D. 252 (D.D.C. 1987) (third-party deponent fears injury to privacy and reputation), *Navajo Nation v. Peabody Holding Co.*, 255 F.R.D. 37 (D.D.C. 2009) (plaintiffs sought protective order to protect allegedly privileged documents), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) (litigation surrounded order of confidentiality related to settlement agreement), *Federal Trade Comm'n v. Sysco Corp.*, 83 F. Supp. 3d 271 (D.D.C. 2015) (third-party declarants' fear of non-specific retaliation from corporate defendants, not alleging fear of bodily harm). While such cases include persuasive applications of the legal principles at issue, they do not approach the

---

[18] *Doe VIII*, ECF No. 105-2.
[19] *Doe VIII*, ECF No. 105-2.
[20] *Doe VIII*, ECF No. 105-2.

significant and apparently genuine fear of seriously bodily injury and/or death cited by plaintiffs. Further, defendants improperly purport to shift burden of maintenance of the protective order to plaintiffs. The burden is not shifted, and defendants fail to demonstrate that they have met their burden in this regard.

### iii. Whether Such Provisions Unreasonably and Unfairly Restrict Defendants' Rights to Develop and Present a Defense

Defendants go on to assert that the protective order impedes their ability to prepare a defense in several distinct ways. Defendants argue that the protective order prevents them from conducting meaningful investigation into the alleged events in several ways including: paragraph 3(d) of the protective order prevents them from discussing the name of the village where attacks occurred; paragraph 27(b) prevents them from disclosing highly confidential information to witnesses in Aceh to include Indonesian military, militia, or paramilitary personnel who may have relevant information; paragraph 27(e)'s protections make defendants and their agents *de facto* guarantors of plaintiffs' safety; paragraph 27(g)'s requirement to use fictitious names undermines the credibility of defendants' agents or investigators; paragraph 24(e)'s requirements to disclose witnesses prior to interviews requires unfair disclosure of work product; requirement to allow plaintiffs "veto power" over defendants' investigation requires unfair disclosure of work product; and paragraph 15 impermissibly restricts defendants from developing information independently. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[21] at 18-22. Defendants also argue that the protective order interferes with defendants' right to counsel at paragraphs 24(d), footnote 1, and paragraph 30. Defs.' Mot. Modify Protective Order Vacate

---

[21] *Doe VIII*, ECF No. 100-2.

Pseudonym Orders, ECF No. 534-2[22] at 12. After reviewing the parties' filings, the Court finds that plaintiffs' proposed modification to the protective order adequately addresses each of defendants' concerns with regard to allowing defendants to go forward with reasonable investigation. Therefore, the court will adopt plaintiffs' proposed modifications to the protective order. Pls.' Reply Support Cross-Mot. Modify Protective Order, ECF No. 544-3[23] at Exhibit 6.

### iv. Whether Plaintiffs are Abusing the Provisions in Order to Withhold Information to Which Defendants are Otherwise Entitled

Lastly, defendants argue that plaintiffs "have grossly abused the restrictive tag of 'Highly Confidential Information' to affirmatively prevent Defendants from investigating the relevant facts," including designating over 100 witnesses and designating the names of their translators. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[24] at 23-24. Given the Court's ruling on the above matters, it appears that this issue is moot. Therefore, the Court will not further address this argument.

### f. Amended Protective Order

The Court now turns to examine the proposed amended protective orders to determine whether to adopt all or part of either party's proposed protective orders. The plaintiffs' proposed protective order with redline changes is Exhibit 5 of ECF No. 544-3 ("plaintiffs' proposed order"). The defendants' proposed protective order with redline changes is Exhibit 2 of ECF No. 542-3 ("defendants' proposed order"). As the burden is on movant to show good cause to modify the protective order, the Court will only modify such provisions that so qualify. As a result, purely

---

[22] *Doe VIII*, ECF No. 100-2.
[23] *Doe VIII*, ECF No. 110-3.
[24] *Doe VIII*, ECF No. 100-2.

non-substantive changes will not be adopted. Accordingly, after the analysis conducted below, the Court will adopt plaintiffs' proposed order.

Defendants' first substantive changes appear at paragraph 1f. Paragraph 1 defines what type of information will be deemed "[c]onfidential." Both parties seek to add an additional provision for certain locations related to the underlying events for plaintiffs' claims. Defendants' language only includes such information as confidential "to the extent . . . being referred to in connection with" the applicable plaintiffs. Defendants' proposed order at 2. This caveat would be too restrictive to achieve the protective order's purpose with regard to specific locations, therefore the Court will adopt plaintiffs' provision.

The Court moves on to the next substantive change at paragraph 3c. Defendants' proposed order at 3. Here, defendants' changes are also essentially non-substantive, splitting one definition covering photographic and voice information into two paragraphs. *Id.* However, to the extent that this represents a substantive change, the change would appear to be that in effect, only photographic or voice identifying information is deemed highly confidential, rather than any such identifying information. *Id.* Defendants have not shown good cause to draft this provision more permissively, therefore the Court will not adopt this change.

Defendants' next change in paragraph 8 appears to expand the specifically enumerated plaintiffs by changing "Jane Does I – IV" to "Jane Does I – VI." Defendants' proposed order at 4. Defendants have not shown good cause to change this provision, therefore the Court will not adopt this change.

Defendants propose to add language to paragraph 9 which states, "Except as provided for in Paragraphs 21 and 34, which expressly permits the use of Plaintiffs' names during depositions,

11

in open court, at any hearing, and at trial, the . . ." Defendants' proposed order at 4. Plaintiffs do not recommend changes to this provision and defendants have not shown good cause to change paragraph 9 in this manner. Therefore, the Court will not adopt this change.

Both parties propose striking the final sentence from paragraph 9, therefore, the Court will adopt this change and the third sentence of paragraph 9 will be stricken in the amended protective order.

Defendants propose changes to paragraphs 10, 15, and 16, which are purely non-substantive. The next substantive changes appear in paragraph 17. Both parties propose changing "h" to "j" in the first sentence, therefore the Court will adopt this change. Plaintiffs recommend adding a new sentence stating, "Counsel shall maintain a log, consistent with paragraph 27(h), for all witnesses to whom Confidential Information has been provided." Plaintiffs' proposed order at 6. The Court accepts plaintiffs' rationale at the economy of such a provision and note that such provision appears less restrictive on defendants, therefore, the Court will adopt this provision.

Both parties propose adding the same language to the end of paragraph 17, "Counsel and their Designated Investigators shall take all reasonable efforts to avoid inadvertent disclosure of Confidential Information. For example, Counsel and their Designated Investigators shall take all reasonable efforts to ensure that their conversation with a potential witness is not overheard by another person." Defendants' proposed order at 7; plaintiffs' proposed order at 6-7.

Both parties propose adding paragraph 18, which would read, "The individuals identified in subparagraphs 16(c) & (e – i) shall not disclose Confidential Information to any party." Defendants' proposed order at 7; plaintiffs' proposed order at 7. Therefore, the Court will adopt

this change. The Court notes that this will cause several paragraphs to be re-numbered. Those changes will be adopted as well.

Next, both parties propose adding "and paragraph 24(f)" after "Paragraph 16(e)" in the final sentence of paragraph 21 (previously paragraph 20). Defendants' proposed order at 8; plaintiffs' proposed order at 8. Therefore, the Court will adopt this change.

The next proposed changes are found in the paragraph now marked as 22 (previously paragraph 21). Again, defendants propose changes, but have not shown good cause for the changes. Defendants' proposed order at 8. Therefore, the Court will not adopt the changes.

Both parties propose deleting the current paragraph 23. Defendants' proposed order at 9-10; plaintiffs' proposed order at 9. Therefore, the Court will adopt the change and strike paragraph 23.

Both parties propose addition of paragraphs 24(f)-(i). Defendants' proposed order at 10; plaintiffs' proposed order at 10. The changes proposed are identical and will be adopted by the Court.

Defendants additionally propose addition of paragraph 24(j), which would state, "Subject to the terms of Paragraph 47, any government authority or person pursuant to court order or subpoena, provided that reasonable notice of impending disclosure has been given to the Disclosing party." Defendants' proposed order at 10. Defendants fail to show good cause to make this addition, therefore the Court will not adopt this change.

Defendants and plaintiffs both propose changes to the remainder of paragraph 24, specifically the first sentence after the final subparagraph. Defendants propose to change "subparagraphs 24 (c) – (h)" to "(c) – (i)." Defendants' proposed order at 10. Conversely,

plaintiffs propose changing that provision to read "24(c), (e – h)." Plaintiffs' proposed order at 10. Defendants have not shown good cause to support their change, however plaintiffs are stipulating to part of the change, therefore plaintiffs' change will be adopted by the Court.

Defendants propose eviscerating paragraph 25 and moving the first sentence of it to the end of paragraph 24. Defendants' proposed order at 11. Defendants have not shown good cause to support such a deletion, however, plaintiffs concede to a portion of the changes, therefore the Court will adopt plaintiffs' changes. Plaintiffs' proposed order at 10-11.

Defendants' next substantive change is at paragraph 27(e) where defendant proposes, and to which plaintiffs object, to delete "or (ii) in any other way that may endanger their lives or safety or the lives or safety of their relatives." Defendants' proposed order at 12; Reply Support Cross-Mot. Modify Protective Order, ECF No. 544-2 at 22-23. Defendants have not shown good cause for such deletion and therefore the Court will not adopt this deletion.

Defendants propose deleting paragraph 27(h). Defendants' proposed order at 13. This provision relates to maintenance of a disclosure log that is analogous to the provision in paragraph 17. For the reasons stated therein, and because defendants have failed to show good cause for this deletion, the change will not be adopted by the Court.

In paragraph 29, both parties propose replacing, "Designated Medical Examiners may not disclose Highly Confidential Information to any party, including office staff," with, "Designated Medical Examiners may disclose Highly Confidential Information to other members of their practice, provided such persons agree to be bound by Exhibit B." Plaintiffs' proposed order at 12-13; defendants' proposed order at 13. Therefore, the Court will adopt this change.

14

Defendants propose deleting paragraph 30 without showing good cause. Plaintiffs, however, stipulate changes to paragraph 30 that the Court finds aid judicial economy and streamline processes. Specifically, paragraph 30 will be changed to read:

> All Highly Confidential Materials and notes or other records regarding such information shall be maintained at all times under the custody and control of the counsel and staff described in paragraph 24(b) & (c). No partial or complete copies thereof containing Highly Confidential Material shall be retained by anyone else, except that consistent with paragraphs 24, 25, and 29, Designated Investigators and Medical Examiners may retain documents containing Highly Confidential Materials on a temporary basis for purposes of study, analysis, and preparation of this Litigation at their offices.

Plaintiffs' proposed order at 13.

Defendants also propose deleting paragraph 31. The focus of defendants' argument seems to be that they believe plaintiffs are attempting to "exercise control over who can serve as a translator or interpreter." Reply Mot. Modify Protective Order Vacate Pseudonym Orders Cross-Mot. Modify Protective Order, ECF No. 542-2.[25] Even if the Court were to assume that defendants' assertion formed part of the basis for plaintiffs' opposition to deleting this provision, that does not rise to the level of good cause to delete the provision. Rather, as there was when the order was originally issued, there is still value in requiring the parties to meet and confer on depositions or third party discovery involving highly confidential material. Therefore, paragraph 31 will remain unchanged.

Defendants propose changes to paragraph 32 that allow the parties to challenge a witness's designation as highly confidential. However, the changes are not supported by a showing of good cause. Further, as plaintiffs note, there are provisions at paragraphs 38-40 that otherwise allow

---

[25] *Doe VIII*, ECF No. 108-2.

challenge of any designation of confidential or highly confidential. Pls.' Reply Support Cross-Mot. Modify Protective Order, ECF No. 544-2[26] at 23-24. Therefore, the Court will not adopt these changes.

Defendants propose changes in paragraph 34 that are unsupported by good cause. Defendants' proposed order at 15. Therefore the Court will not adopt these changes.

Defendants propose removing a notification provision contained within paragraph 36. Defendants' proposed order at 16. Defendants do not support this proposed change with good cause. In fact, the Court sees great value in this provision. Nonetheless, plaintiffs stipulate to clarifying the provision by adding, "If a party intends to use Highly Confidential information in open court, at any hearing or at trial, the party must provide to . . ." Plaintiffs' proposed order at 15. Upon first blush, this change appears to be more restrictive than the current protective order, however, after further examination, the Court finds that plaintiffs changes actually clarify this provision, but are no more restrictive than the current order. Therefore, the Court will adopt this change.

Defendants propose non-substantive changes to paragraphs 37 and 38 that are not supported by good cause. Defendants' proposed order at 17. The Court will not adopt those changes. Both parties propose deleting the final sentence of paragraph 39, therefore the Court will adopt this change. Defendants' proposed order at 17; plaintiffs' proposed order at 15-16.

There are no further substantive changes proposed by either party. Accordingly, the Court will not adopt any further changes.

### g. Pseudonym Orders

---

[26] *Doe VIII*, ECF No. 110-2.

In examining what has changed since this Court last ruled upon either of these issues, the Court notes that defendants were unable to review the underlying declaration upon which the Court granted the pseudonym orders until March 2015. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[27] at 4. Defendants now challenge the basis for this order on two grounds, first whether any plaintiff has justified a specific need for anonymity and second whether defendants and the public are prejudiced by pseudonymous litigation. Defs.' Mot. Modify Protective Order Vacate Pseudonym Orders, ECF No. 534-2[28] at 26-30. As discussed above, plaintiffs have mooted the first argument in providing additional declarations from individual plaintiffs. As to the latter argument, defendants have not offered sufficient new evidence or argument to justify vacating the pseudonym orders. The Court granted plaintiffs leave to file under pseudonyms in both *Doe I* and *Doe VIII* in response to plaintiffs' *ex parte* motions, as discussed briefly above. There is nothing in the filings for the present motion that alters the previous factual findings of this Court related to the pseudonym orders. *See generally* Mem. Order Den. Defs.' Mot Strike Mot. Recon., ECF No. 220. Further, as the Court previously found in *U.S. v. Diabetes Treatment Ctrs. of Am.*, the Court now determines that "a continuing objection to the terms of an order does not constitute good cause to modify or withdraw a protective order." No. Civ. 99-3298, 01-MS-50, 2004 WL 2009414, (D.D.C. May 17, 2004) (citations omitted). Therefore, defendants have not met their burden to vacate the pseudonym orders entered in *Doe I* or *Doe VIII*.

---

[27] *Doe VIII*, ECF No. 100-2.
[28] *Doe VIII*, ECF No. 100-2.

## III. CONCLUSION

In light of the Court's analysis, defendants' motion will be DENIED and plaintiffs' cross-motion will be GRANTED by a separate Order issued this date. Further, the Court will enter the amended protective order in *Doe I*, which will be entered as a protective order in *Doe VIII* as well.

DATED: November 18, 2015

Royce C. Lamberth
United States District Judge