**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN DOE I, *et al.*,**<br>**Plaintiffs,**<br>**v.**<br><br>**EXXON MOBIL CORPORATION, *et al.*,**<br>**Defendants.** | **Case No. 01-cv-01357-RCL**<br>**UNDER SEAL** |
| **JOHN DOE VIII, *et al.*,**<br>**Plaintiffs,**<br>**v.**<br><br>**EXXON MOBIL CORPORATION, *et al.*,**<br>**Defendants.** | **Case No. 07-cv-01022-RCL**<br>**UNDER SEAL** |

**AMENDED PROTECTIVE ORDER**

WHEREAS, Plaintiffs and Defendants Exxon Mobil Corporation and ExxonMobil Oil Indonesia Inc. are parties to the above-captioned lawsuit;

WHEREAS, it is agreed that Defendant ExxonMobil Oil Indonesia does not waive or otherwise hinder its continuing objection to this Court's assertion of personal jurisdiction over it in this litigation;

WHEREAS, the Parties desire to keep designated documents and information produced in the course of this litigation confidential and highly confidential in accordance with the terms of this Protective Order; and

WHEREAS, the Protective Order is necessary to protect highly confidential and confidential information of the Parties which, if made public, might cause those Parties harm;

THEREFORE, it is hereby ordered that the production of designated documents and information in the above-captioned matter will be governed according to the following terms and conditions:

**Definitions**

1. Confidential" means any document or information, including but not limited to, the following:

   a. trade secrets;

   b. information concerning security for oil or natural gas producing operations to the extent it concerns any of the following: (i) the manner in which security is provided, (ii) the means used to provide security, (iii) any communication concerning security, (iv) the logistics associated with security, and (v) information which, if made public, would endanger Defendants' operations;

   c. information concerning any of Defendants' processes and procedures used to explore, develop, produce, and market natural gas or oil;

   d. information concerning any geological, geographical, geophysical or other similar production and exploration data whether in raw or analyzed form for oil and natural gas in Aceh Province;

   e. any other confidential, proprietary or commercially sensitive information; and

   f. the locations where the injuries alleged in the complaint are alleged to have been inflicted such as the road(s) where John Doe I, John Doe II, John Doe III, and John Doe IV claim to have been accosted; the fields where John Doe VIII and John Doe X are claimed to have been shot; the villages where John Doe V, John Doe VI, John Doe VII, John Doe IX and Jane Doe I claim to have been assaulted; and the locations where the victims claim to have been detained.

2. "Confidential Material" means any Material designated "Confidential Subject to Protective Order" pursuant to the terms of this Protective Order.

3. "Highly Confidential" means only the following categories of information:

   a. The name, identity, address, home village and current location of any Plaintiff and Plaintiff family member, including but not limited to any minor children.

   b. In accordance with the provisions in paragraph 32 governing witnesses seeking Highly Confidential Protections, the name, identity, address,

home village and current location of any potential witness who fears for his or her life or safety or the life or safety of a relative; and

c. Any other information that may identify and/ or threaten any person protected by paragraphs 3(a) or 3(b), including but not limited to any photographic or pictorial depiction of the physical likeness, or any voice recording, of any such person.

4. "Highly Confidential Material" means any Material containing Highly Confidential Information, as defined above, and designated "Highly Confidential Subject to Protective Order" pursuant to the terms of this Protective Order.

5. "Disclosing Party" is a person producing Material who may also designate such Material as Confidential or Highly Confidential, including each Party to this litigation, as well as Third Parties not named in this litigation who may produce Material in this litigation.

6. "Litigation" means this matter, Doe v. Exxon Mobil Corporation, No. 01-1357 (D.D.C.), and any appeals from any order by this Court or other competent court.

7. "Material" means any tangible item, photograph, document, testimony, or information produced by a Disclosing Party pursuant to discovery in this litigation, or portion thereof, including interrogatory answers, responses to requests for admissions, affidavits, declarations, certificates, and other filings, as well as briefs, memoranda of law, summaries, exhibits, transcripts, recordings, excerpts and notes prepared for, derived from, referring to or incorporating information contained in any such document, testimony or information;

8. "Party or Parties" means the parties named in this litigation, collectively or individually and their respective counsel, including Plaintiffs, John Does I-VII and Jane Does I - IV, Plaintiffs' counsel, Defendants, including without limitation, any officers, employees, or directors of Defendants, and Defendants' counsel.

9. Pseudonyms for Referring to Plaintiffs. The Court's Orders of June 19, 2001, Dkt. 2; May 26, 2006, Dkt. 162; February 7, 2007, Dkt. 200; July 13, 2007, Dkt. 220; and July 6,

2015, Dkt. 513, are hereby incorporated by reference, subject to any future modification by the Court regarding Plaintiffs' use of pseudonyms.

10. "Third Party or Third Parties" means any non-party, including officers and directors of such Third Party, which may be called upon to produce Material in this Litigation pursuant to the terms of the Protective Order. A Third Party called to produce Material in this Litigation shall be sent a copy of this Protective Order. The Third Party, may, subject to consent of the Parties and the Third Party's agreement to be bound by the terms of this Protective Order, be added as a further signatory to this Protective Order. In addition, any Material produced by a Third Party that contains Confidential or Highly Confidential Information, as defined in paragraphs 1 and 3, shall be treated as Confidential or Highly Confidential Material, respectively, whether or not the Third Party designates the material as such.

**Good Cause**

11. Good cause exists for the issuance of this protective order, in order to prevent public disclosure of information that might result in harm to the Parties.

**Designation of Confidential or Highly Confidential Material**

12. This Protective Order shall apply to all properly designated Confidential Materials or Highly Confidential Materials provided by the Parties or any Third Party subject to this Protective Order.

13. Any Disclosing Party may designate as Confidential or Highly Confidential any Material that the Disclosing Party in good faith claims to be Confidential or Highly Confidential. The Disclosing Party shall label clearly all Material that it claims to be Confidential or Highly Confidential with the words "Confidential Subject to Protective Order" or "Highly Confidential Subject to Protective Order." Any information or data that is not reduced to documentary,

tangible, or physical form, or that is otherwise not readily designated as Confidential or Highly Confidential, may be designated as Confidential or Highly Confidential by informing counsel for the Parties in writing that it is Confidential or Highly Confidential. Additionally, the same designation shall be affixed to any documents produced in the course of this litigation that mention, discuss or comment upon any Confidential or Highly Confidential Material including briefs, other submissions to the court and correspondence between the Parties or between a Party and any Person subject to this Court Order.

14. A Party shall not be obligated to challenge the propriety of the designation of any Material at the time such designation is made, and failure to do so shall not preclude a subsequent challenge.

15. Notwithstanding paragraph 1 of this Protective Order, Confidential Materials will not include:

a. Documents already in the public domain prior to disclosure;

b. Any information developed independently of the Confidential Materials not otherwise subject to this Protective Order.

However, this paragraph shall not apply to information that would otherwise constitute Highly Confidential Information. Such information, as defined in paragraph 3, whether contained in Material produced in this litigation or developed independently, shall be treated as Highly Confidential Material.

**Use of Confidential Material in General**

16. Confidential Materials shall not be disclosed to anyone other than:

(a) Any court, court personnel, court reporters, and similar personnel involved in this Litigation;

(b) Counsel for the parties, including paralegals and administrative support staff, who are working on the litigation, and who have agreed to be bound by the Protective Order;

(c) Court reporters and video technicians who record depositions in this Litigation;

(d) Any expert, consultant, translator, interpreter, investigator, and/or medical expert retained by either of the Parties in connection with this Litigation;

(e) Any deponent in this Litigation;

(f) Plaintiffs, and directors, officers, or employees of the Defendants who are involved in the Litigation;

(g) Third-party contractors and their employees retained to provide document management and trial presentation services for this Litigation;

(h) Any other person whose services are reasonably necessary for the Litigation;

(i) Any witness or potential witness, in accordance with Paragraph 27;

(j) Subject to the terms of paragraph 47, any government authority or person pursuant to court order or subpoena, provided that reasonable notice of the impending disclosure has been given to the Disclosing Party.

17. Of the persons listed in paragraph 16, no disclosure shall be made to the persons described in subparagraphs (c) through (h), inclusive, unless such persons agree in writing to be bound by the Protective Order by executing a certification in the form attached as Exhibit A. Counsel and their Designated Investigators shall have a good faith basis for disclosing Confidential Information in the course of their investigations. A Party need not obtain a certificate more than once for each person. Counsel shall maintain a log, consistent with Paragraph 27(h), for all witnesses or potential witnesses to whom Confidential Information has been provided. Counsel and their Designated Investigators shall take all reasonable efforts to avoid inadvertent disclosure of Confidential Information. For example, Counsel and their designated investigators shall take all reasonable efforts to ensure that their conversation with a potential witness is not overheard by another person.

18. The individuals identified in subparagraphs 16(c) & (e - i) shall not disclose Confidential Information to any party.

19. All Confidential Material received or obtained by a Party shall be used solely for purposes of this Litigation pursuant to the terms of this Protective Order. The Parties shall not use the Confidential Materials for any other purpose. The Parties may use Confidential Information only to obtain information relevant (as defined by Fed. R. Civ. P. 26(b)(1)) to the claim or defense of any Party. The Parties shall take all reasonable efforts to avoid inadvertent disclosure of Confidential Information. Nothing in this Protective Order shall govern the manner in which a Disclosing Party uses its own Confidential Material.

**Use of Confidential and Highly Confidential Material in a Deposition**

20. Prior to the beginning of any deposition, the deponent or the Party furnishing the deponent shall provide a copy of Exhibit A or Exhibit B signed by the deponent to the other Party.

21. If any Material designated as Confidential or Highly Confidential pursuant to this Protective Order is disclosed during the course of a deposition, that portion of the deposition record reflecting such Confidential Material or Highly Confidential Material shall be designated Confidential or Highly Confidential Material and access thereto shall be limited pursuant to the terms of this Protective Order. The court reporter for the deposition shall mark the cover page of the deposition transcript and all appropriate pages or exhibits, and each copy "Confidential Subject to Protective Order" or "Highly Confidential Subject to Protective Order." Similarly, any technician employed to videotape a deposition shall mark the original videotape and all copies as "Confidential Subject to Protective Order" or "Highly Confidential Subject to Protective Order" if any Confidential Material or Highly Confidential Material has been disclosed during the deposition. Only individuals who are authorized by the terms of this Protective Order to see or receive Confidential Material or Highly Confidential Material may be

present during the discussion or disclosure of Confidential Material or Highly Confidential Material. Persons in Paragraph 16(e) and Paragraph 24(f) may see or receive Confidential Material or Highly Confidential Material, although they have not signed the Certificate attached as Exhibit A or Exhibit B, if they review the terms of this Protective Order and agree on the record to be bound by the terms of the Protective Order.

22. Any Party may designate testimony or documents submitted as exhibits as Confidential or Highly Confidential on the record during the deposition, or within 15 business days after receipt of the deposition transcript and exhibits, by providing written notice of the designation to the Parties, to the court reporter, and to the videotape technician, if any. Parties are responsible for forwarding notice to any person in paragraph 16(c) through (i), inclusive, that is in the possession of a deposition transcript or exhibits containing Materials to be designated as Confidential or Highly Confidential. Until the end of the 15 business day period, or before written notice by the Disclosing Party, whichever is sooner, the Parties and other persons bound by this Protective Order shall treat the transcript and exhibits as Confidential Material or Highly Confidential Material.

23. If the designation is made on the record at the deposition, the Party using the Confidential Material or Highly Confidential Material in the deposition shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as Confidential or Highly Confidential are marked by the court reporter and the videotape technician in the manner described herein. If the designation is made by notice after receipt of the transcript or exhibits, any Party or other person bound by the Protective Order receiving notice of the designation shall stamp as Confidential or Highly Confidential the designated portions of any copies of the transcript or exhibits and all videotapes in its possession. A Party can designate an

entire deposition and all accompanying exhibits as Confidential or Highly Confidential if in good faith it determines that a majority of the deposition and accompanying exhibits are Confidential or Highly Confidential and that marking multiple individual portions of the deposition as Confidential or Highly Confidential will be unduly burdensome.

**Use of Highly Confidential Material**

24. Highly Confidential Information may only be disclosed to

(a) The Court and court personnel in the District Court for the District of Columbia and/or the appropriate appellate courts;

(b) Counsel for the parties, including paralegals and administrative support staff, who are working on the litigation and have agreed to be bound by the Protective Order;

(c) Defendants' in-house counsel and managers responsible for overseeing this litigation;

(d) Designated Investigators, translators, or interpreters (consistent with paragraph 25);

(e) Designated Medical Examiners (consistent with paragraphs 25 and 29);

(f) Deponents in this litigation;

(g) Court reporters and video technicians retained to record depositions in this litigation;

(h) Third-party U.S. contractors and their employees retained to provide document management and trial presentation services for this Litigation; and

(i) Witnesses and potential witnesses, in accordance with paragraph 27.

All persons to whom Highly Confidential Information is disclosed pursuant to subparagraphs 24 (c), (e – h) shall, prior to disclosure, individually execute a certificate, in the form of Exhibit B to this Order. All persons to whom Highly Confidential Information is disclosed pursuant to subparagraphs 24 (b) & (d) shall, prior to disclosure, individually execute a certificate, in the form of Exhibit C to this Order. Executed copies of these certificates, Exhibit

B or Exhibit C, shall be retained by the respective law firms or organization employing the attorneys who are signatories to this agreement.

25. Designated Investigators, translators, interpreters, and Medical Examiners are individuals, not entities, retained by Counsel for the parties. Exxon Mobil counsel may designate investigators, translators, interpreters or medical examiners to receive Highly Confidential Information subject to the following restrictions:

a. No person may be designated who is or was, at any time, a citizen of Indonesia;

b. No person may be designated who is or was at any time an officer or employee of the Government of Indonesia (including the Indonesian military, police, militia or PERTAMINA) or who is or was affiliated with any paramilitary, vigilante, terror group, gang or criminal organization operating in Indonesia;

c. No more than five persons shall be designated.

26. The individuals identified in subparagraphs 24 (c) & (e) – (i) shall not disclose Highly Confidential Information to any party.

27. Only Counsel and Designated Investigators identified in subparagraphs 24 (b) & (d) may disclose Highly Confidential Information to witnesses or potential witnesses and only in accordance with this paragraph 27. The following limitations and procedures apply to the limited use of Highly Confidential Information by Counsel and their Designated Investigators:

a. Counsel and their Designated Investigators may use Highly Confidential Information only to obtain information relevant (as defined by Fed. R. Civ. P. 26(b)(1)) to the claim or defense of any party.

b. Counsel and their Designated Investigators shall have a good faith basis for disclosing Highly Confidential Information in the course of their investigations and shall not disclose Highly Confidential Information to any person upon determining that such person is not likely to have information relevant (as defined by Fed. R. Civ. P. 26(b)(1)) to the claim or defense of any party.

c. Counsel and/or their Designated Investigators shall take all reasonable efforts to avoid inadvertent disclosure of Highly Confidential Information. For example, Counsel and/or their Designated Investigators shall take all reasonable efforts to ensure that their conversation with a potential witness is not overheard by another person.

d. Counsel and/or their Designated Investigators shall not identify to any party, including potential witnesses, the home village, current address or location of any person defined in subparagraphs 3(a) and (b).

e. Counsel and/or their Designated Investigators may not identify any Plaintiff or family member of any Plaintiff (i) as having brought claims against members of the military; or (ii) in any other way that may endanger their lives or safety or the lives or safety of their relatives.

f. Counsel and/or their Designated Investigators may not distribute, publish or print in any media, or otherwise post on any publicly available display, including any newspaper, flyer, poster, radio broadcast or Internet posting, the name and/or any other identifying information of any person protected in subparagraphs 3(a) or 3(b).

g. Counsel or their Designated Investigators may disclose the names of the victims in this action to an eyewitness who they have a good faith basis for believing was a member or is currently a member of the Indonesian military, militia, police or paramilitary group, with the following precaution: Counsel and/or their Designated Investigators may only refer to the name of a victim if they concurrently inquire as to at least three other individuals. The parties have agreed on a list of fictitious names to be used for this purpose. If Counsel or their Designated Investigators ask about multiple victims, they shall ask about five fictitious individuals. There is no obligation to ask about more than five fictitious individuals total, regardless of the number of victims about whom Counsel or their Designated Investigators inquire. Under no circumstances, may Counsel or their Designated Investigators disclose the home village or current location of any Plaintiff or witness protected by Paragraphs 3(b) and 32 to any individual who they have a good faith basis for believing was a member or is currently a member of the Indonesian military, police, militia, or paramilitary group.

h. Counsel shall maintain a log that lists the names of all individuals to whom Counsel and/or their Designated Investigators have provided Highly Confidential Information during the course of investigations, as described above. Counsel shall make the log, as well as any witness statements and investigator notes available for in camera review by the Court, upon request, in order to investigate threats, injury, or death to a Plaintiff or potential witness.

28. The provisions in this section do not govern the manner in which a disclosing party uses its own Highly Confidential Information. For example, the provisions do not apply to

Plaintiffs' Counsel's conversations with their clients regarding their own Highly Confidential Information or to Defendants' Counsel's conversations with Defendants' employees regarding their own Highly Confidential Information.

29. If the mental or physical condition of a party or a deceased Plaintiff is in controversy, that person's medical records, with his/her names and addresses redacted, may be shared with Designated Medical Examiners, for the purpose of evaluating such medical records or conducting Rule 35 examinations. Designated Medical Examiners may disclose Highly Confidential Information to other members of their practice, provided such persons sign and agree to be bound by Exhibit B. If a Designated Medical Examiner practices with other parties, appropriate procedures must be in place, and provided to all counsel, to ensure that Highly Confidential Information is not inadvertently disclosed and that the requirements of this protective order are met.

**Custody of Highly Confidential Information**

30. All Highly Confidential Materials and notes or other records regarding such information shall be maintained at all times under the custody and control of the counsel and staff described in paragraph 24(b) & (c). No partial or complete copies thereof containing Highly Confidential Material shall be retained by anyone else, except that consistent with paragraphs 24, 25 and 29, Designated Investigators and Medical Examiners may retain documents containing Highly Confidential Materials on a temporary basis for purposes of study, analysis, and preparation of this Litigation at their offices.

**Highly Confidential Material in Depositions**

31. Counsel for the Parties will meet and confer regarding any necessary additional arrangements regarding depositions and/or third party discovery that involves or potentially involves Highly Confidential Information, including any selection of translators or interpreters.

**Witnesses Seeking Confidential or Highly Confidential Protection**

32. In accordance with the Court's Orders of May 26, 2006, Dkt. 162 (finding Highly Confidential protection "should be provided to witnesses who fear of their safety") and February 7, 2007, Dkt. 200, a witness or potential witness who fears for his or her life or safety or the life or safety of a relative, shall be accorded the protections provided in this Protective Order. Such a witness may notify Counsel and/or a Designated Investigator about such fear. The Counsel and/or Designated Investigator who receives this notification shall maintain a written statement documenting it which shall be treated as Highly Confidential Material.

**Use of Confidential and Highly Confidential Material with or in the Court**

33. Any Confidential or Highly Confidential Material filed with the Court, any appellate court or the Supreme Court, for any purpose shall be filed under the following terms:

a. In a sealed envelope or other container, marked on the outside with the caption of this action, a designation of the contents of the envelope, and the following or substantially similar statement:

> "This envelope contains documents that are filed under seal and shall not be opened nor shall the contents thereof be displayed or revealed, except by order of the Court."

b. Any briefs, memoranda or any other writings filed under seal with the Court shall have affixed to each page the mark "Under Seal."

34. Any Confidential or Highly Confidential Materials filed in accordance with paragraph 33 shall not be opened except for in camera inspection or pursuant to an order of the

Court or the stipulation of the Parties. Subject to the Court's convenience and needs, the envelope or other container shall be kept under seal by the clerk until further order of the Court. Any Party that files Confidential or Highly Confidential Material under seal must simultaneously file electronic public versions of such filings with all Confidential or Highly Confidential Material referenced therein appropriately redacted.

35. If any Party or third party fails to file Confidential or Highly Confidential Material under seal, the Disclosing Party may request in writing to the Court that the Court place the filing under seal and it shall be immediately sealed and any electronic versions will be removed until an appropriately redacted version is submitted.

36. Neither the provisions of this Protective Order, nor the filing of any Confidential or Highly Confidential Material under seal, shall prevent the use in open court, at any hearing or at trial, of any Confidential Material that is subject to this Protective Order or filed under seal pursuant to the terms of this Protective Order. If a party intends to use Highly Confidential information in open court, at any hearing or at trial, the party must provide to the Disclosing Party sufficient reasonable and specific notice of the Highly Confidential Material to be used and an opportunity to bring a motion requesting that the hearings be held *in camera*, or that the trial or any portion of it be closed to the public.

37. Parties will cooperate in good faith to secure protection for Confidential or Highly Confidential Material in any appeal to any Court of Appeals or the Supreme Court.

## Dispute Resolution Provisions

38. In the event that any Party objects to the designation of any Material as Confidential or Highly Confidential, the objecting party must identify in writing to the Disclosing Party the Material at issue and state the reason(s) why the designation should be removed. The Disclosing Party has 15 business days to respond and the Parties thereafter shall attempt to resolve the issue in good faith. During this period, the Parties must continue to treat the Material in accordance with how it is designated by the Disclosing Party, either as Confidential or Highly Confidential.

39. After 15 business days have passed without a resolution, the objecting party may file a motion with the Court to determine whether the disputed Material is Confidential or Highly Confidential within the meaning of this Protective Order. The Disclosing Party shall have 11 business days to respond to the objecting party's motion, unless the Court directs otherwise.

40. The objecting party shall not make any disclosure of the Material in dispute while a motion to change the designation or subsequent appeal of that motion is pending.

## Inadvertent Disclosures

41. Confidential or Highly Confidential Material disclosed pursuant to this Protective Order, or in violation of this Protective Order, shall not lose its Confidential or Highly Confidential status because of that disclosure. The fact that any Material is disclosed, used or produced in discovery, at hearings or at trial herein, shall not be admissible as evidence, or offered as evidence, on the issue of whether or not such document or information is Confidential or Highly Confidential in any action or proceeding before any court, agency or tribunal located in the United States or in any foreign jurisdiction.

42. Regardless of whether the Material was so designated at the time of disclosure, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Material by the Disclosing Party shall not be deemed a waiver in whole or in part of a Disclosing Party's claim that the Material is Confidential or Highly Confidential, either as to the specific information disclosed or as to any other information relating to the same or related subject matter; provided that the Disclosing Party shall, within 15 days of the Disclosing Party's first discovery of the inadvertent or unintentional disclosure, notify the Parties in writing that the information is Confidential or Highly Confidential Material and was inadvertently or unintentionally disclosed. Upon such notice, the Parties shall cooperate to the extent practicable in restoring the treatment of Confidential Material as Confidential or Highly Confidential Material as Highly Confidential.

43. The inadvertent disclosure of Material protected by attorney-client privilege and/or work product doctrine, or other privileges recognized by the law of the United States or Indonesia, shall not be deemed a waiver, in whole or in part, of a Party's claim of privilege as to either the Material disclosed, or to related Material. A Party that has received Material subject to a privilege, which such Party knows to have been inadvertently disclosed, shall immediately upon discovery of the same, return or (with respect to any such Material which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such Material and shall make no use thereof.

**Termination, Survival, and Modification of Obligations**

44. This Protective Order shall continue to be binding on all Parties and any other person agreeing to be bound by the terms of this Protective Order, after the termination of this litigation and regardless of whether this litigation is dismissed, transferred to another court, or

stayed, subject to any subsequent modifications of this Protective Order by the Court or any court having jurisdiction over this or any related action.

45. Within 120 days of the completion of this action, including any appeals, all Materials designated as Confidential or Highly Confidential and all copies, extracts, summaries or notes thereof, including computer records and entries, shall, at the election of the Disclosing Party, be returned to the Disclosing Party at a location within Washington, D.C. designated by the Disclosing Party, or destroyed; provided, however, that attorney work product incorporating or otherwise including Confidential Material or Highly Confidential Material (or copies, extracts, summaries or notes thereof) shall be destroyed by counsel who created such work product. If destroyed, counsel for the Party so destroying such Material shall certify in writing within 120 days of the conclusion of this action that all such Material has been destroyed. This provision shall not apply to file copies of pleadings and briefs maintained in the ordinary course of business.

46. This order may be amended with the prior agreement of counsel for Parties in the form of a written stipulation filed with the Court, or by an order of the Court after a duly noticed motion.

**Miscellaneous Provisions**

47. In the event any person listed in paragraphs 16 or 24 or Party having possession, custody, or control of any Confidential Material or Highly Confidential Material receives a subpoena, other process or order to produce such information to a person or individual who is not a Party to this Litigation, such person or Party shall (a) provide reasonable notice by mail to the Disclosing Party's counsel of record that a subpoena, other process or order seeks production of Confidential Material or Highly Confidential Material, (b) furnish the Disclosing Party's

counsel of record a copy of the subpoena, other process, or order, and (c) to the extent permitted by law, court rule or order, (i) withhold production of requested Confidential Material or Highly Confidential Material until the Disclosing Party permits production or a competent court orders otherwise; and (ii) cooperate with respect to all reasonable procedures by the Disclosing Party to move to quash or limit the subpoena, other process, or order.

48. Counsel for the Party who discloses the Confidential Material or Highly Confidential Material shall retain all original signed certificates obtained from any person pursuant to paragraph 16. Any Party or Disclosing Party with a good faith basis to believe that unauthorized disclosure of Confidential or Highly Confidential Material has occurred may make a written request for copies of those signed certificates relevant to the suspected unauthorized disclosure. The requesting Party may move the Court to compel provision of copies of those certificates if a Party refuses to provide them.

49. Any Party or person that violates this Protective Order may be subject to penalties and sanctions. Nothing in this Protective Order shall be construed to limit the powers of the Court nor shall anything in this Protective Order be construed to limit the private rights of any person or entity to enforce any and all claims for injunctive relief or monetary damages and claims of any nature arising out of a violation of this Protective Order.

50. The agreement of the parties to this Protective Order shall not be construed as an agreement or admission: (i) that any Material designated as Confidential or Highly Confidential is in fact Confidential or Highly Confidential; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Confidential or Highly Confidential; or (iii) with respect to the admissibility, authenticity, competency, relevance, or materiality of any Material designated as Confidential or Highly Confidential Material.

51. The Court which retains jurisdiction over this action shall retain jurisdiction, even after termination of this matter, (a) to make such amendments, modifications and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting the improper use or disclosure of Confidential or Highly Confidential Material.

52. The entry of this Protective Order shall be without prejudice to the right of any Party to apply for additional or different protection where necessary and appropriate. Nothing in this Protective Order shall abridge the right of any Party or Third Party to seek judicial review or to pursue other appropriate judicial action to seek the modification or dissolution of the terms of this Protective Order by order of the Court after advance written notice to all Parties of no less than 15 business days. The Party seeking a modification or dissolution shall bear the burden of proof to show good cause for the change. The requesting Party shall abide by the terms of the Protective Order while the motion is pending and while any appeal or request for review or reconsideration pertaining to such motion is pending.

53. Except to the extent expressly provided otherwise herein, any notice required to be provided, given, or otherwise delivered herein shall be deemed provided, given, or otherwise delivered upon receipt by counsel of record for the Parties.

54. This Protective Order may be executed by the Parties in counterpart, each of which when taken together shall constitute one original and complete Protective Order to be presented to the Court for review and signature.

55. The headings used herein are for reference and convenience only and are not binding on or determinative of the substance of the text to which they refer. In the event of a conflict between the headings and the text, the text shall control.

**Filed Under Seal**
**Pursuant to Protective Order**

IT IS ON THIS 18th day of Nov., 2015,

ORDERED, that this Protective Order be entered; and it is further

ORDERED, that a signed copy of this Protective Order be served upon all of the Parties within 10 days of the date hereof.

The Honorable Royce C. Lamberth
United States District Judge

**Filed Under Seal**
**Pursuant to Protective Order**

## EXHIBIT A - CERTIFICATE REGARDING CONFIDENTIAL MATERIAL

I hereby acknowledge that I have read the Protective Order entered by the Court on ________________, 2015, in the above-captioned matter and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I recognize that I am bound by the terms of that Protective Order and I agree to comply with those terms as if I were a Party. I agree not to disclose Confidential Material to any person not entitled to access to such information under the express terms of the Protective Order. I also understand that I may be subject to penalties or sanctions and that I and others to whom I convey Confidential Material may be restrained or enjoined, if I violate the terms of the Protective Order. I further agree to use Confidential Material only in connection with this Litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the District of Columbia, or the jurisdiction of any other court to which this case may be transferred, in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed or appealed.

Name: ______________________________

Signature: ______________________________

Business Address: ______________________________

______________________________

Date: ______________________________

**EXHIBIT A - CERTIFICATE REGARDING CONFIDENTIAL MATERIAL**

I hereby acknowledge that I have read the Protective Order entered by the Court on ________________, 2015, in the above-captioned matter and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I recognize that I am bound by the terms of that Protective Order and I agree to comply with those terms as if I were a Party. I agree not to disclose Confidential Material to any person not entitled to access to such information under the express terms of the Protective Order. I also understand that I may be subject to penalties or sanctions and that I and others to whom I convey Confidential Material may be restrained or enjoined, if I violate the terms of the Protective Order. I further agree to use Confidential Material only in connection with this Litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the District of Columbia, or the jurisdiction of any other court to which this case may be transferred, in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed or appealed.

Name: ______________________________

Signature: ______________________________

Business Address: ______________________________

______________________________

Date: ______________________________

## EXHIBIT B - CERTIFICATE REGARDING HIGHLY CONFIDENTIAL MATERIAL

I hereby acknowledge that I have read the Protective Order ("Protective Order") entered by the Court on ________________, 2015, in the above-captioned case and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I agree not to disclose Highly Confidential Material to any person. I understand that I may be subject to penalties or sanctions and that I may be restrained or enjoined if I violate the terms of the Protective Order. I further agree to use Highly Confidential Material only in connection with this Litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the District of Columbia, or the jurisdiction of any other court to which this case may be transferred, in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed or appealed.

Signature: ______________________________

Name: ______________________________

Date: ______________________________

**Filed Under Seal**
**Pursuant to Protective Order**

## EXHIBIT C - CERTIFICATE REGARDING HIGHLY CONFIDENTIAL MATERIAL FOR COUNSEL AND DESIGNATED INVESTIGATORS

I hereby acknowledge that I have read the Protective Order ("Protective Order") entered by the Court on ________________, 2015, in the above-captioned case and that I understand both the terms of the Protective Order and the potential consequences of violating the Protective Order. I agree not to disclose Highly Confidential Material to any person not entitled to access to such information under the express terms of the Protective Order and to disclose Highly Confidential Material only in accordance with the provisions in paragraph 27. I also understand that I may be subject to penalties or sanctions and that I and others to whom I convey Highly Confidential Material may be restrained or enjoined, if I violate the terms of the Protective Order. I further agree to use Highly Confidential Material only in connection with this Litigation (and for no other litigation), and not for any other purpose. I hereby consent to the jurisdiction of the United States District Court for the District of Columbia, or the jurisdiction of any other court to which this case may be transferred, in respect to any proceedings relative to the enforcement of the Protective Order or any claims arising thereunder, whether or not this action has been dismissed, transferred, stayed or appealed.

Signature: ____________________________________

Name: ____________________________________

Date: ____________________________________