IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE I**, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**EXXON MOBIL CORPORATION**, *et al.*,<br><br>　　　　Defendants. | Civ. No. 01-1357 (RCL/AK)<br>Electronically Filed |
| **JOHN DOE VIII**, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>**EXXON MOBIL CORPORATION**, *et al.*,<br><br>　　　　Defendants. | Civ. No. 07-1022 (RCL/AK)<br>Electronically Filed |

**JOINT REPORT REGARDING THE PARTIES'**
**LOCAL RULE 16.3 MEET AND CONFER CONFERENCE**

Pursuant to this Court's Order dated November 20, 2015 (*Doe I*, Civ. No. 01-1357, Dkt. No. 550), Plaintiffs, John Doe I, *et al.*, and Defendants Exxon Mobil Corporation, Mobil Corporation, ExxonMobil Oil Corporation and Exxon Mobil Oil Indonesia, Inc. ("EMOI"), by their respective undersigned counsel, respectfully submit this Joint Report regarding their "meet and confer" under the Court's Order and Local Rule 16.3.[1] This joint report identifies those portions of Local Rule 16.3(c) over which the parties were able to reach an agreement, and states

---

[1] Exxon Mobil Corporation and EMOI are currently defendants in *Doe I*; Exxon Mobil Corporation, Mobil Corporation, and ExxonMobil Oil Corporation are currently defendants in *Doe VIII*.

1

the separate positions of the parties where agreement could not be reached.[2]

The parties state as follows:

(1)   The parties disagree on whether the case can be resolved on dispositive motions.

Defendants intend to file a motion for summary judgment following the close of discovery, and expect that the case is likely to be resolved on dispositive motion. (*See infra* 13.)

Plaintiffs believe that the case is not likely to be resolved on dispositive motion, particularly given this Court's previous decision denying summary judgment on the tort claims, including assault, battery and negligence. See *Doe I*, Civ. No. 01-1357, Dkt. No. 365 (finding sufficient evidence that defendants' paid security forces committed the alleged torts). Plaintiffs do not believe that summary judgment is likely to resolve Plaintiffs' ATS claims given that Plaintiffs' complaint reflects evidence of U.S.-based conduct by ExxonMobil Corporation and given that Plaintiffs intend to seek discovery of this issue.

(2)   The parties do not anticipate joinder of any additional parties.

Defendants do not believe that Plaintiffs should be permitted to amend their complaint for a third time, particularly given that Plaintiffs have already received extensive and exhaustive discovery. Defendants do not consent to Plaintiffs filing a third amended complaint, as the Court already set a deadline for Plaintiffs to move for leave to amend their complaint. Dkt. No. 454.

Plaintiffs believe that an amended complaint is unlikely to be necessary, but reserve the

---

[2] The Court likewise ordered the parties in *Doe VIII et al. v. Exxon Mobil Corp. et al.*, Civ. No. 07-1022, to meet and confer. *Doe VIII* Dkt. 116 (Nov. 18, 2016). For the reasons explained in section 11, *infra*, Plaintiffs have proposed a stay of the *Doe VIII* matter, and Defendants have consented. Accordingly, this statement reflects the position of the parties with respect to *Doe I* only, unless otherwise noted.

2

right to move for leave to amend their complaint, such as to respond to additional future changes in the law.

(3)     The parties agree that this case should not be assigned to a magistrate judge for all purposes, including trial.

(4)     Defendants do not believe there is a realistic possibility of settling the case at this time. Given Defendants' position, Plaintiffs agree.

(5)     The parties disagree on whether the case would benefit from any form of the Court's alternative dispute resolution procedures.

Defendants do not believe that this case would benefit from any form of the Court's alternative dispute resolution procedures at this time. Defendants do not believe alternative dispute resolution would result in cost savings.

Plaintiffs believe alternative dispute resolution could benefit the parties and result in cost savings.

(6)     The parties do not agree on a proposed schedule for dispositive motions.

Defendants propose that any motion for summary judgment shall be filed after the close of all discovery, on or before September 16, 2016; oppositions to said motions shall be filed on or before October 21, 2016; and replies in support of said motions shall be filed on or before November 14, 2016.

Plaintiffs propose that any motion for summary judgment shall be filed after the close of fact discovery on or before June 29, 2016; oppositions to said motions shall be filed on or before September 1, 2016; and replies in support of said motions shall be filed on or before September 23, 2016.

(7)     The parties have already provided initial disclosures pursuant to Fed. R. Civ. P.

3

26, and served supplemental disclosures on August 28, 2015. The parties shall continue to supplement as necessary.

Defendants have proposed that if either party is unable to provide sufficient information for the opposing party to contact potential witnesses identified on the Rule 26 disclosures by January 31, 2016, such party should barred from calling such witnesses at any trial.

Plaintiffs are currently considering Defendants' proposal, including alternative deadlines and how to appropriately define the terms in Defendants' proposal. For example, as currently worded, Defendants proposal would penalize a party that has diligently disclosed its witnesses even if some information is incomplete and reward a party that withholds witnesses entirely only to disclose them in February.

(8)     The parties agree that additional discovery is needed prior to trial, including requests for admissions, interrogatories, depositions, and a further exchange of documents, but disagree on the deadline for the close of such discovery.

Defendants propose that all fact discovery should be concluded by March 31, 2016. Plaintiffs propose that all fact discovery be concluded by June 29, 2016.

> (a)     A modified protective order, entered over Defendants' objections, is in place. Defendants maintain their objections to certain provisions of the modified protective order, and Defendants may seek to modify such provisions.
>
> (b)     The parties agree that party and trial witness depositions should proceed, even if those parties or witnesses reside in Indonesia. Although the parties agree that depositions of Indonesian residents will be necessary, they are still discussing the appropriate location for those depositions, and there may need

(c) Plaintiffs have proposed a fact discovery cut off of June 29, 2016. Defendants recently disclosed that they have nearly 1,000 boxes of potentially relevant financial documents that they intend to make available only in Houston, which will require significant time to review. In addition, although the Court granted in part Plaintiffs' motion to compel, Dkt. 552, Defendants have yet to produce any documents pursuant to the Court's Order. In addition, it appears a motion will be necessary to resolve whether or not EMOI's corporate documents, including EMOI corporate financial records, will be subject to discovery. Plaintiffs also seek photographs of EMOI's vehicles used by the security personnel and records of who was on duty during the periods Plaintiffs were abused. These documents are located in Indonesia. Plaintiffs' proposed cut off is reasonable. Even before the ATS claims were reinstated, Defendants argued to this Court that "substantial and critical discovery in Indonesia" remained. *See* St. of Defs. 4, Dkt. 373 (Sept. 12, 2008). Defendants pointed out to the Court that "[n]o discovery has been taken concerning the acts that allegedly occurred in Indonesia that serve as the basis for the claims in the Complaint" and explained that over a year was needed for additional discovery on the state law claims. *Id.* at 1, 10. Defendants' shorter discovery period would limit Plaintiffs' ability to complete the discovery they need. Although Defendants cite the discovery

to be further motions practice on this issue. Both parties have added two months to the discovery schedule submitted on August 5, 2015, Dkt. 524.

produced to date, that discovery was related to personal jurisdiction and other limited topics.

(d) Defendants believe that additional discovery within the limitations imposed by the Court's current orders is necessary prior to trial, including: requests for admissions, interrogatories, document requests, investigation of individual plaintiffs' claims under the terms of the modified protective order, and depositions of Plaintiffs and likely trial witnesses. Based on Plaintiffs' prior representations concerning additional pre-trial discovery in 2008, and subject to the bar on Indonesian discovery that this Court has entered, Defendants believe that this limited remaining discovery can be completed by the end of March 2016. *See* St. of Pls. (Sept. 12, 2008) (proposing six months of discovery); Dkt. No. 159. As detailed in prior motions, Defendants have already produced 112 boxes of documents, more than 15,000 emails, and more than 100,000 pages of documents. *See, e.g.*, Dkt. No. 231. Defendants maintain that Plaintiffs have acknowledged that Defendant's discovery efforts were both "extensive" and "exhaustive." *See* Dkt. No. 434, at 27. Defendants submit that any efforts by Plaintiffs to seek document discovery in Indonesia from EMOI will intrude on Indonesian sovereignty, based on prior objections lodged by the Government of Indonesia, and should be denied.

(9) The parties anticipate exchanging expert witness reports and information pursuant to Fed. R. Civ. P. 26, but disagree on deadlines for exchanging such reports.

Defendants submit that because Plaintiffs bear the burden of proof, they should first

disclose their expert reports on April 11, 2016, and Defendants will disclose their expert reports in response on June 10, 2016.

Plaintiffs propose that expert reports be exchanged simultaneously on June 29, 2016, and any rebuttal reports be exchanged on August 15, 2016. Plaintiffs believe that their schedule is more efficient given that this is unlikely to be an expert-heavy matter.

The parties agree that on the dates expert reports are disclosed, the parties will also provide three alternative dates on which each expert may be deposed.

(10)   This case is not a class action.

(11)   The parties agree that discovery should not be bifurcated in *Doe I* and believe that discovery can be completed in a matter of months, although they disagree on the precise timeframe.

Defendants maintain that bifurcation for trial should be determined after the Court decides dispositive motions. Plaintiffs maintain that trial should not be bifurcated.

With respect to *Doe VIII*, the parties agree that the case should be stayed in its entirety until after *Doe I* is resolved. Plaintiffs propose to stay *Doe VIII* in its entirety because discovery has not started in *Doe VIII*, and it will take longer to complete discovery in that case and prepare that case for trial. In order to proceed as expeditiously as possible, Plaintiffs propose that *Doe VIII* be stayed until *Doe I* reaches an initial resolution, whether amicably or through motion practice or trial. Plaintiffs believe that the parties may then be able to apply decisions and lessons learned in *Doe I* to *Doe VIII*, thereby reducing or eliminating the need for Court intervention in that case.

Defendants agree to Plaintiffs' proposal to stay *Doe VIII* in its entirety.

(12)   The parties disagree on a proposed schedule for a pre-trial conference.

Defendants propose that the Court hold a status conference within 14 days of a decision on the summary judgment motions, at which all pretrial filing dates and a trial date will be set, if the case is not disposed of at summary judgment.

Subject to the Court's availability, Plaintiffs propose setting the final pretrial conference for October 7, 2016, with trial to follow 30 days later.

(13)   The parties disagree on a proposed trial date.

Defendants maintain that the Court should set a trial date at the status conference following a decision on summary judgment. Defendants expect that the case is likely to be resolved on dispositive motion, and maintain that it would conserve both the Court's and the parties' resources to set a pre-trial schedule and trial date only after the resolution of summary judgment motions. A decision on summary judgment may obviate the need for trial or significantly narrow the issues for trial. For example, if Plaintiffs cannot adduce sufficient evidence of any U.S.-based conduct by Exxon Mobil Corporation to displace the presumption against extraterritoriality, *see Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659, 1669 (2013), then the ATS claims may be out of the case entirely. As the Court previously held that punitive damages are not available under Indonesian law for Plaintiffs' non-ATS tort claims, *Doe I v. Exxon Mobil Corp.*, No. 01-1357, 2006 WL 516744, at *2 (D.D.C. Mar. 2, 2006) ("Indonesian law does not authorize punitive damages"), a dismissal of the ATS claims would significantly narrow the issues for trial. Defendants do not believe that deferring the setting of a trial date until after the Court rules on the dispositive motions would cause any further delays that would materially prejudice Plaintiffs.

Plaintiffs maintain that the Court should set a firm trial date. Given the length of time this case has been pending and the prejudice to Plaintiffs as memories fade and evidence is lost

due to the passage of time, Plaintiffs maintain that this Court should set a firm trial date. *Doe I* was filed in 2001. There have been significant delays as the case has undergone two rounds of appellate review, and was also stayed pending the decision in *Kiobel*, 133 S. Ct. 1659. Any further delay creates significant risk of additional prejudice from the loss of evidence.

(14)   There are no additional matters to address in a scheduling order at this time.

Plaintiffs and Defendants each attach their proposed Scheduling Orders.

Washington, DC
December 21, 2015

Respectfully submitted,

| | |
|---|---|
| /s/ Agnieszka M. Fryszman | /s/ Alex Young K. Oh |
| Agnieszka M. Fryszman (DC Bar No. 459208) | Theodore V. Wells, Jr. (Bar No. 468934) |
| **COHEN MILSTEIN SELLERS & TOLL PLLC** | twells@paulweiss.com |
| 1100 New York Ave., N.W. | Jaren E. Janghorbani (*pro hac vice*) |
| Suite 500, East Tower | jjanghorbani@paulweiss.com |
| Washington, DC 20005 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| Tel: (202) 408-4600 | 1285 Avenue of the Americas |
| Fax: (202) 408-4699 | New York, NY 10019-6064 |
| afryszman@cohenmilstein.com | Telephone: (212) 373-3000 |
| | |
| Terrence P. Collingsworth (DC Bar No. 471830) | Alex Young K. Oh (Bar No. 499955) |
| **INTERNATIONAL RIGHTS ADVOCATES** | aoh@paulweiss.com |
| 1301 Connecticut Ave., N.W., | Ilana D. Waxman (Bar No. 1012358) |
| Suite 350 | iwaxman@paulweiss.com |
| Washington, DC 20036 | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| Tel: (202) 527-7997 | 2001 K Street, N.W. |
| Fax: (202) 527-7990 | Washington, DC 20006-1047 |
| tc@iradvocates.org | Telephone: (202) 223-7300 |
| | |
| *Attorneys for Plaintiffs* | Patrick J. Conlon (Bar No. 414621) |
| | patrick.j.conlon@exxonmobil.com |
| | EXXON MOBIL CORPORATION |
| | 1301 Fannin St., Room 1539 |
| | Houston, TX 77002 |
| | Telephone: (832) 624-6336 |
| | |
| | *Attorneys for Defendants* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE I,** *et al.*,<br><br>            **Plaintiffs,**<br><br>    v.<br><br>**EXXON MOBIL CORPORATION,** *et al.*,<br><br>            **Defendants.** | **Civ. No. 01-1357 (RCL)**<br>**Electronically Filed** |

## SCHEDULING ORDER [PROPOSED BY DEFENDANTS]

Upon consideration of the parties' Joint Report Regarding Parties' Local Rule 16.3 Meet and Confer, it is hereby

ORDERED, that the parties shall abide by the following schedule:

(i)     Close of fact discovery: March 31, 2016

(ii)    Plaintiffs' expert disclosures:  April 11, 2016

(iii)   Defendants' expert disclosures:  June 10, 2016

(iv)   Close of all discovery:  August 1, 2016

(v)    Motion for Summary Judgment:  September 16, 2016

(vi)   Opposition to Motion for Summary Judgment:  October 21, 2016

(vii)  Reply to Opposition to Motion for Summary Judgment:  November 14, 2016

(viii) Status conference at which the Court shall set all pretrial filing dates and trial date: 14 days after the Court's decision on the Motion for Summary Judgment

 

 

_____

Hon. Royce C. Lamberth
U.S. DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE I,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **EXXON MOBIL CORPORATION,** *et al.*, <br><br> Defendants. | Civ. No. 01-1357 (RCL) <br> Electronically Filed |

### SCHEDULING ORDER [PROPOSED BY PLAINTIFFS]

Upon consideration of the parties' Joint Report Regarding Parties' Local Rule 16.3 Meet and Confer, it is hereby

ORDERED, that the parties shall abide by the following schedule:

(i)     Close of fact discovery: June 29, 2016

(ii)    Initial expert disclosures: June 29, 2016

(iii)   Motions for Summary Judgment: June 29, 2016

(iv)    Rebuttal expert disclosures: August 15, 2016

(v)     Responses to Motion for Summary Judgment: September 1, 2016

(vi)    Close of all discovery: September 15, 2016

(vii)   Reply to Opposition to Motion for Summary Judgment: September 23, 2016

(viii)  Final pretrial conference: October 7, 2016

(ix)    Jury Trial: November 7, 2016


_____
The Honorable Royce C. Lamberth
United States District Judge